STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1058

BENNY HERNANDEZ

VERSUS

EXCEL CONTRACTORS, INC.

Judgment Rendered: **MAY 1 1 2020**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 113,957

Honorable Jessie M. LeBlanc, Judge Presiding

* * * * * * *

| | |
|---|---|
| Danial C. Vidrine<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellant,<br>Benny Hernandez |
| Robert A. Dunkelman<br>Joshua P. Monteleone<br>Shreveport, Louisiana | Attorneys for Defendants/Appellees,<br>SPX Cooling Technologies, Inc.,<br>Xcel Erectors, Inc., and James Meidl |

* * * * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Higginbotham, J. dissents.

**PENZATO, J.**

Plaintiff, Benny Hernandez, appeals a trial court judgment granting summary judgment in favor of defendants, SPX Cooling Technologies, Inc., Excel Erectors, Inc.[1] and James Meidl, dismissing plaintiff's claims with prejudice. Defendants assert in this court an exception raising the objection of prescription. For the following reasons, we sustain the exception and dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Plaintiff has appealed the trial court's granting of summary judgment in favor of defendants on two previous occasions. Both appeals were dismissed because of this court's lack of subject matter jurisdiction. See *Hernandez v. Excel Contractors, Inc.*, 2017-0762 (La. App. 1 Cir. 12/21/17), 2017 WL 6524030 (unpublished) (*Hernandez 1*), and *Hernandez v. Excel Contractors, Inc.*, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So. 3d 278 (*Hernandez 2*). The relevant facts from *Hernandez 2* are set forth below.

> Plaintiff instituted this suit on September 16, 2015 by filing a petition for damages against Excel **Contractors, Inc.**[2] as well as its insurer, alleging that plaintiff was employed by ASAP Employment Services, Inc. and that he was injured on September 16, 2014 while working at a "CF1 Industries plant." Plaintiff later filed an amended and supplemental petition, which named SPX Cooling Technologies, Inc., Xcel **Erectors,** Inc., CF Industries, Inc., and James Meidl as defendants.[3] In response to the amended and supplemental petition, SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl ("defendants") filed a "Peremptory Exception for [sic] No Cause of Action, and in the Alternative, Motion for Summary Judgment," which sought dismissal, with prejudice, of all claims against defendants. On February 22, 2017, the trial court rendered judgment (hereinafter, the "2017 judgment"), which, in pertinent part, granted the motion for summary judgment filed by SPX Cooling Technologies, Inc., Excel Erectors, Inc., and James Meidl and

---

[1] Although the pleadings and transcript identified the defendant as "**Xcel** Erectors, Inc.," the judgment referred to Xcel Erectors, Inc. as "**Excel** Erectors, Inc."

[2] Excel Contractors, Inc. answered the petition and then filed a motion for summary judgment, which was granted on July 8, 2016, as it established that none of Excel Contractors, Inc.'s employees could have been responsible for plaintiff's injuries.

[3] As noted in this court's prior opinions, plaintiff's amended petition mistakenly identified James Meidl as "James Merrill" and CF Industries Nitrogen, LLC as "CF Industries, Inc."

2

dismissed Hernandez's claims against these defendants with prejudice and at plaintiffs [*sic*] costs. The judgment further decreed that the Exception of No Cause of Action was moot as to the statutory employee issue, but was sustained, however, as to plaintiff's claims for intentional torts. The judgment further ordered plaintiff to amend his pleadings within thirty days of the signing of the judgment "to sufficiently plead any intentional torts if he so chooses."

Plaintiff appealed the 2017 judgment, but this court eventually dismissed the appeal because no portion of the 2017 judgment was a final judgment for the purpose of immediate appeal. ...

While the appeal of the 2017 judgment was pending with this court, however, defendants filed a Motion to Dismiss the **intentional tort claims** of Mr. Hernandez in the trial court on August 22, 2017, which the trial court granted. In the Motion to Dismiss, defendants averred that, despite the signing of an order of appeal from the 2017 judgment, the trial court retained jurisdiction over the intentional tort claims pursuant to LSA-C.C.P. art. 1915. Despite the pending appeal of the 2017 judgment, defendants contended that plaintiffs [*sic*] failure to comply with the trial court's 2017 judgment, which ordered plaintiff to amend his pleadings to sufficiently allege intentional tort claims within thirty days of the signing of the 2017 judgment, necessitated the dismissal of plaintiffs [*sic*] intentional tort claims. Apparently finding merit to the defendants' contention, on August 29, 2017, the trial court signed an order of dismissal, which stated as follows:

> CONSIDERING THE FOREGOING, IT IS HEREBY ORDERED that, pursuant to La. CCP art 934, Defendants' Motion to Dismiss is hereby GRANTED as to the intentional tort claims of Plaintiff, BENNY HERNANDEZ, against Defendants, SPX COOLING TECHNOLOGIES, INC., XCEL ERECTORS, INC. and JAMES MEIDL, and those intentional tort claims shall be dismissed with prejudice, at Plaintiff's cost.

Four months later, on December 21, 2017, this court rendered its opinion in the then-pending appeal of the 2017 judgment, dismissing the appeal for lack of appellate jurisdiction.

After this court's dismissal of the 2017 appeal, plaintiff circulated and filed an "Amended Final Judgment" in an attempt to cure the defects in the 2017 judgment noted by this court. Notwithstanding defendants' opposition to the filing of the "Amended Final Judgment," the trial court signed the judgment as submitted by plaintiff on April 18, 2018. The "Amended Final Judgment" was substantively identical to the previous judgment, with the exception that it included the following designation at the end of the judgment: **"IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment is a Final Judgment in accordance with LSA-C.C.P. arts 1915(A)(3) and 1915(B)(1) for the purposes of an immediate appeal and that there is 'no just reason for delay.' " However, the "Amended Final Judgment" retained the provision

3

allowing plaintiff thirty days to amend his pleadings to allege intentional torts, despite the fact that the trial court had previously dismissed plaintiff's intentional tort claims.

*Hernandez 2*, 275 So. 3d at 280-82.

In *Hernandez 2*, plaintiff appealed the "Amended Final Judgment." This court found that the trial court was divested of jurisdiction and did not have the authority to render the August 29, 2017 order dismissing the intentional tort claims (for failure to amend as previously ordered by the judgment under review by this court) while the 2017 appeal was pending. *Hernandez 2*, 275 So. 3d at 285. This court concluded that the order was a nullity and proceeded as if the order dismissing the intentional tort claims had never been rendered. *Id.* Because the plaintiff's intentional tort claims against the defendants were still pending and viable (in addition to an exception of prescription raised by defendants on appeal), this court was unable to state that there was no just reason for delay in the appeal of that portion of the "Amended Final Judgment" partially granting defendants' motion for summary judgment. Thus, this court found that the trial court incorrectly certified that portion of the judgment as final and immediately appealable. *Id.* at 286. This court further found that the portion of the judgment sustaining the exception of no cause of action and granting leave to amend likewise was improperly designated as final. *Id.* at 287. Accordingly, this court concluded that because the "Amended Final Judgment" was improperly designated as final in its entirety, this court lacked subject matter jurisdiction and dismissed the 2019 appeal.

Following *Hernandez 2*, defendants again filed a motion in the trial court to dismiss plaintiff's intentional tort claims for his failure to amend his pleadings as previously ordered by the February 22, 2017 judgment. Defendants' motion was granted by the trial court on March 25, 2019. Thereafter, a "Second Amended Final Judgment" was signed on May 1, 2019. The May 1, 2019 judgment granted

4

defendants' motion for summary judgment and dismissed plaintiff's claims against them. The judgment further ordered that the exception of no cause of action was moot as to the statutory employee issue. Finally, the judgment included the following designation: **"IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that this Judgment is a final judgment in accordance with the provision of LSA-C.C.P. Arts 1915(A)(3) and 1915(B)(1) for the purpose of an immediate appeal and that there is 'no just reason for delay.' "

Plaintiff now appeals the May 1, 2019 judgment, asserting the trial court erred in finding that the service agreement between ASAP and SPXCT was a "contract" and that he was a "statutory" employee within the meaning of La. R.S. 23:1032, and in not allowing him to conduct "adequate" discovery.

## LAW AND DISCUSSION

In response to the pending appeal, defendants filed a peremptory exception raising the objection of prescription with this court, contending that plaintiff's claims against them are prescribed on the face of the amended petition as they were asserted more than one year after the date of the accident and the original petition filed against Excel Contractors, Inc. did not interrupt the prescriptive period. Defendants previously filed (for the first time) a peremptory exception with this court raising the objection of prescription in connection with *Hernandez 2*. *Hernandez 2*, 275 So. 3d at 282. However, because this court found in *Hernandez 2* that it lacked appellate jurisdiction, it pretermitted defendants' exception raising the objection of prescription. *Id.* Because the May 1, 2019 judgment that is the subject of this appeal is a final, appealable judgment, we address the exception prior to the merits of the appeal.

Louisiana Code of Civil Procedure article 2163 allows the appellate court to consider a peremptory exception filed for the first time on appeal when the exception is pleaded prior to submission of the case for decision and proof of the

ground of the exception appears in the record. While the plaintiff may demand a remand to the trial court for a trial of the exception when the exception pled in the appellate court is prescription, we note, as did this court in *Hernandez 2*, that plaintiff did not do so. See *Hernandez 2*, 275 So. 3d at 282, n.4. Thus, this court has the discretion to consider the peremptory exception of prescription in this matter. *Id.*

Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. A timely filed suit against one joint tortfeasor interrupts prescription as to the remaining joint tortfeasors. La. C.C. art. 2324(C). However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiff, since no joint or solidary obligation would exist. *Renfroe v. State Dept. of Transportation and Development*, 2001-1646 (La. 2/26/02), 809 So. 2d 947, 950.

The record indicates that plaintiff filed this suit against Excel Contractors, Inc. on September 16, 2015, for injuries he allegedly sustained as the result of a September 16, 2014 accident. The timely sued defendant, Excel Contractors, Inc., was dismissed by a judgment signed on July 8, 2016. Plaintiff did not file his amended and supplemental petition against defendants until May 13, 2016, more than one year from the date of the alleged September 16, 2014 injury. His earlier filing against Excel Contractors, Inc., which was found to have no liability to plaintiff, did not interrupt the prescriptive period as to these defendants. See *Renfroe*, 809 So. 2d at 950. Because the record contains sufficient evidence that

6

plaintiff did not timely file suit against defendants, and plaintiff did not demand that the case be remanded to the trial court for trial of the exception, as provided in La. C.C.P. art. 2163, we sustain defendants' exception of prescription. Accordingly, we pretermit consideration of the merits of this appeal.

## CONCLUSION

For these reasons, the exception raising the objection of prescription filed by SPX Cooling Technologies, Inc., Excel Erectors, Inc. and James Meidl in this court is sustained, and the appeal and claims of Benny Hernandez against them are dismissed with prejudice. Costs are assessed to plaintiff, Benny Hernandez.

**PEREMPTORY EXCEPTION RAISING THE OBJECTION OF PRESCRIPTION SUSTAINED; APPEAL DISMISSED.**